FILED
JUL 30 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  CECIL BRHEATH SCWARZ, JOHN DOE, CAMP LIBERTY

UNITED STATES COURT

DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| CECIL BRHEATH SCWARZ, JOHN DOE, CAMP LIBERTY<br><br>Plaintiff,<br><br>vs.<br><br>TOWN OF FAIRFAX, HEAHTER ABRAMS,<br><br>Defendant | Case No.: Number<br>CV 25-6395<br>EX-PARTE MOTION TO PROCEED UNDER PSEUDONYM "JOHN DOE" |

CRB

EX-PARTE MOTION TO PROCEED UNDER PSEUDONYM "JOHN DOE" - 1

# MOTION TO PROCEED UNDER PSEUDONYM "JOHN DOE" AND FOR PROTECTIVE ORDER

Fed. R. Civ. P. 10(a), 26(c)

TO THE HONORABLE COURT:

Plaintiff **John Doe**, I respectfully request of this Court for leave to proceed under a pseudonym and to enter a protective order preventing disclosure of Plaintiff's true identity, pursuant to **Federal Rule of Civil Procedure 10(a) and 26(c)**. In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

This motion seeks leave to proceed under the pseudonym "John Doe" in order to protect this Plaintiff's personal safety, privacy, and constitutional rights. Public disclosure of Plaintiff's identity would cause irreparable harm, including but not limited to retaliation, reputational injury, and undue personal distress. Plaintiff respectfully submits that the balance of interests weighs in favor of anonymity in this case.

## II. LEGAL STANDARD

Although Federal Rule of Civil Procedure 10(a) generally requires that parties be named in the caption of a complaint, courts in the Ninth Circuit have long recognized exceptions in appropriate cases where a party's privacy interest outweighs the presumption of openness in judicial proceedings.

See *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–69 (9th Cir. 2000) (establishing standard allowing pseudonyms in exceptional cases, including when disclosure would compel plaintiffs to disclose highly sensitive matters, or would subject them to physical danger, retaliatory harm, or public ridicule).

Under the *Advanced Textile* test, the Court balances:

1. The severity of the threatened harm,
2. The reasonableness of the fear,
3. The plaintiff's vulnerability to such harm,
4. The public interest in open proceedings, and
5. The prejudice (if any) to the opposing party.

## III. ARGUMENT

#### A. Severe Harm Would Result from Disclosure

I reasonably fear retaliation from the Town of Fairfax due to the recall effort and it's focus on a small number of people vs what is currently being represented.

Any personal release of information -- from health care to government agencies leaves me in unchartered territory. Exposure of private medical information, whistleblower status and internet harassment will cause me harm with my PTSD and future career. The potential harm is not speculative; the fear of all of this, from theft and harm if moved away from the police department is real.

#### B. Plaintiff's Fear Is Objectively Reasonable

The fear of harm is not merely subjective. Please see above.

#### C. Plaintiff Is Particularly Vulnerable to Harm

As a Plaintiff, I am especially vulnerable because of the current living situation and internal politics within the Town of Fairfax.

#### D. There Is Minimal Prejudice to Defendant

As a Plaintiff, I am willing to disclose identity to the Court and opposing counsel under a **protective order** if necessary, thereby minimizing any prejudice to the Defendant's ability to conduct discovery or mount a defense.

#### E. The Public Interest Is Not Compromised

As a Plaintiff, I am not seeking to seal the entire case but merely to proceed under a pseudonym. The public retains access to the proceedings, legal arguments, and outcome. Courts have routinely allowed pseudonymous filings when warranted. See, e.g., *Doe v. United States Dep't of Health & Human Servs.*, 21 F.4th 849 (D.C. Cir. 2022).

---

### IV. CONCLUSION

For the foregoing reasons, I respectfully requests that the Court:

1. **Grant leave to proceed under the pseudonym "John Doe"**;
2. **Permit redaction of Plaintiff's identifying information** from the public docket;
3. **Enter a protective order** under Rule 26(c) limiting access to Plaintiff's real identity to the Court and counsel, under seal if necessary.

Respectfully submitted,

Dated: July 29th, 2025
/s/ John Doe
**John Doe**
Pro Se Plaintiff