UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL BRHEATH SCWARZ, et al., <br> Plaintiffs, <br> v. <br> TOWN OF FAIRFAX, et al., <br> Defendants. | Case No. 25-cv-06395-RS <br><br> **TEMPORARY RESTRAINING ORDER** |

Plaintiffs in this action are individuals living in an encampment in the town of Fairfax, California.[1] Fairfax enacted an ordinance earlier this year that bans encampments like the one in which the individual plaintiffs reside. On July 25, 2025, Fairfax responded to a request from plaintiff Scwarz for accommodation under the American Disabilities Act in the event of any enforcement of the ordinance by asserting, among other things, that her request was premature because no abatement notice had been posted and no abatement had been conducted.

At 9:00 a.m. on July 29, 2025, Fairfax posted a 72 hour "Notice to Vacate" requiring plaintiffs to leave the encampment permanently. Plaintiffs promptly filed this action and a motion for a temporary restraining order (TRO).

Upon review of the complaint, the motion for TRO, and supporting exhibits, plaintiffs

---

[1] An additional plaintiff is an association, which plaintiffs acknowledge cannot appear except through counsel.

have met the standard for temporary relief that preserves the status quo until the defendants can appear and be heard. The motion for a TRO is therefore granted. *See* Fed. R. Civ. P. 65(b); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). Because of the abrupt timeline on which notice appears to have been given to the plaintiffs and the imminence of the threatened abatement action, this TRO will issue without formal notice. See Fed. R. Civ. P. 65(b)(1).

Accordingly, the named defendants; their officers, agents, servants, employees, and attorneys; and persons who are in active concert or participation with the foregoing individuals and entities are hereby restrained from implementing the "Notice to Vacate" and the underlying ordinance with respect to the encampment at which plaintiffs reside, closing the encampment, or otherwise removing individuals from said encampment. This TRO does not prohibit particularized removals or other actions that are unrelated to the closure of the encampment (such as lawfully removing possessions in the course of suppressing a fire or effectuating a lawful arrest for reasons unrelated to the planned closure). The Clerk of the Court shall electronically serve by email a copy of the complaint, the motion for a TRO, and this Order on all defendants.

A hearing as to whether to maintain the TRO pending determination of plaintiffs' request for a preliminary injunction should issue is set for Wednesday, August 6, 2025, at 10:00 a.m.; the hearing will take place by videoconference. Defendants may file a responsive brief of no more than 15 pages by 5 p.m. on August 4, 2025. The briefing shall solely address whether a TRO should remain in place until a decision on a preliminary injunction can be made. A briefing schedule on a preliminary injunction will be set, if appropriate, at the hearing.

Preferably, in lieu of challenging continuation of the TRO in their August 4, 2025, submission, defendants may propose a schedule for briefing and hearing a motion for a preliminary injunction. In the event defendants elect to do so, an order will issue setting the matter for preliminary injunction, continuing the TRO through that date, and vacating the August 6, 2025, hearing.

**IT IS SO ORDERED**.

Dated: July 31, 2025

_____
RICHARD SEEBORG
Chief United States District Judge